THEODORE E. BACON (CA Bar No. 115395)
tbacon@AlvaradoSmith.com
DAVID L. CHAVEZ (CA Bar No. 117593)
dchavez@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
235 Pine Street, Suite 1200
San Francisco, CA 94104
Tel: (415) 624-8665
Fax: (415) 391-1751

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A. and U.S. BANK, N.A., SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., SUCCESSOR IN INTEREST TO LASALLE BANK, N.A. AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES, WMALT Series 2006-AR9

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

TERESA ROWLAND, BRIAN ROWLAND,

Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.; SELECT PORTFOLIO SERVICING, INC. AND U.S. BANK, N.A., SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., SUCCESSOR IN INTEREST TO LASALLE BANK, N.A. AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES, WMALT Series 2006-AR9, and DOES 1 through 100, inclusive,

Defendants.

**CASE NO.:** C 14-00036 LB

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**DATE:** March 6, 2014
**TIME:** 10:30 a.m.
**CTRM:** C - 15th Floor

**ACTION FILED:** December 5, 2013

**TO THE HONORABLE MAGISTRATE JUDGE LAUREL BEELER, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **March 6, 2014, at 10:30 a.m.** in Courtroom C, Fifteenth Floor of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California,

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

Case3:14-cv-00036-LB Document5 Filed01/27/14 Page2 of 13

94102, the Honorable Magistrate Judge laurel Beeler presiding, JPMorgan Chase Bank, N.A., ("JPMorgan"), and U.S. Bank, N.A., successor in interest to LaSalle Bank, N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2006-AR9, ("U.S. Bank") will, and hereby do, move this Court for an Order dismissing the first, third, fourth, fifth, sixth, seventh and eighth causes of action set forth in the complaint of Plaintiffs Teresa Rowland and Brian Rowland ("Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim against Defendants.

Specifically, Defendant will move the Court as follows:

1. Plaintiff's second cause of action for "Promissory Estoppel" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

2. Plaintiff's fourth cause of action for "Negligence" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

3. Plaintiff's fifth cause of action for "Intrusion upon Seclusion" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice ("RJN") and Exhibits thereto, all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

DATED: January 27, 2014

ALVARADOSMITH
A Professional Corporation

By: */s/ David L. Chavez*
THEODORE E. BACON
DAVID L. CHAVEZ
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.and U.S. BANK, N.A., SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., SUCCESSOR IN INTEREST TO LASALLE BANK, N.A. AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES, WMALT Series 2006-AR9

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

2

NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT CASE # C 14- 0036 LB
3775649.2 -- AL109.F95

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

The crux of the plaintiff's complaint is that the defendants failed or refused to implement a loan modification. The plaintiffs allege that a modification agreement was reached between the parties and attach a copy of the modification agreement as Exhibit B to their complaint. The plaintiffs do not deny that they executed a deed of trust, that the deed of trust required the plaintiffs to make monthly payments, and that the plaintiffs stopped making their payments (albeit because of a purported directive from the defendants).

Plaintiffs assert eight causes of action, including causes of action for promissory estoppel, negligence and intrusion upon seclusion. None of those claims survive scrutiny. First, the promissory estoppel cause of action is unavailable because it simply mirrors the allegations for breach of contract. Acts giving rise to a claim for breach of contract may not also give rise to a claim for promissory estoppel, as the former is predicated on a promise involving bargained-for consideration, while the latter is predicated on a promise predicated on reliance in lieu of such consideration.

Second, as to the negligence cause of action, no facts are alleged to support a finding that the plaintiffs were owed a duty by the defendants. In fact, the plaintiffs admit that the primary remedy that they seek is purely commercial – the imposition of the loan modification agreement purportedly agreed between the parties. Thus, not only is there no duty owed, the negligence cause of action is barred by the economic loss rule.

Nor do the facts of the complaint support a cause of action for intrusion upon seclusion. Such a cause of action requires a showing that a defendant "intrud[ed] into a private place, conversation or matter ... in a manner that is highly offensive to a reasonable person." The conduct alleged in the complaint does not come close to this standard. The alleged conduct may be annoying, even infuriating, but it is not actionable. An action for intrusion upon seclusion requires far more intrusive conduct than that alleged in the complaint.

///

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

## II. BACKGROUND

The plaintiffs are the owners of property located at 459 Washburn Avenue in Fremont, Ca. (*See* Complaint ¶13). They obtained the property in 2006 through a loan secured by a Deed of Trust (Complaint ¶14).

The plaintiffs allege that they initiated discussions for a loan modification in 2008 (Complaint ¶15). In 2011, they entered into a trial modification, and after making the payments under the trial plan, obtained an agreement for a permanent loan modification (Complaint ¶15-16). The plaintiffs executed the loan modification agreement and returned it to the loan servicer. The agreement was never counter-executed and over the succeeding 18 months, the loan servicer allegedly changed the terms of the modification until August of 2013, when the servicer agreed to honor the terms of the initial modification (Complaint ¶40).

The plaintiffs allege that the loan modification discussions merit recovery under eight causes of action including breach of contract, promissory estoppel, violations of RESPA (12 U.S.C. §§2601, et seq.), negligence, intrusion upon seclusion, violations of California Civil Code §§ 1785.1, 1788, et.seq., and violation of California Business and Professions Code § 17200, et.seq.).

## III. LEGAL STANDARDS FOR A MOTION TO DISMISS

A motion to dismiss under FRCP 12(b)(6) may be brought when a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. Here, the complaint fails to state facts sufficient to support the causes of action for promissory estoppel, negligence or intrusion upon seclusion.

///

///

///

## IV. ARGUMENT

### A. The Plaintiffs Cannot Assert A Cause Of Action For Promissory Estoppel

Promissory estoppel requires: (1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance. The purpose of this doctrine is to make a promise that lacks consideration (in the usual sense of something bargained for and given in exchange) binding under certain circumstances.

*Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc.,* 688 F.Supp.2d 940, 953 (N.D.Cal.2010) (citations omitted).

Under California law, the same allegations that give rise to a breach of contract claim cannot also "give rise to a claim for promissory estoppel, as the former [is] predicated on a promise involving bargained-for consideration, while the latter is predicated on a promise predicated on reliance in lieu of such consideration." *JMP Securities LLP v. Altair Nanotechnologies Inc.* (N.D. Cal. 2012) 880 F.Supp.2d 1029, 1040-41, citing *Co–Investor, AG v. FonJax, Inc.,* C 08–01812 SBA, 2008 WL 4344581, at *3 (N.D.Cal. Sept. 22, 2008).

Here, the allegations supporting the promissory estoppel cause of action are essentially identical to the cause of action for breach of contract. In their first cause of action for breach of contract, the plaintiffs allege that Teresa Rowland "entered into a valid contract for permanent modification of the mortgage" (Complaint ¶ 49). In the cause of action for promissory estoppel, the plaintiffs allege "defendants clearly and unambiguously promised Plaintiffs that they would modify the loan, change its terms and accept the modified payments in full" (Complaint ¶ 56). The causes of action are essentially identical. Additionally, the plaintiffs allege that the defendant Chase finally agreed to "more or less" honor the terms of the original modification, as expressed in an agreement that the plaintiffs attach as exhibit B to their complaint (Complaint ¶39). The purported loan agreement sets forth the parties' mutual consideration for the modification. Thus, the plaintiffs cannot also allege a cause of action for promissory estoppel.

///

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**B. The Plaintiffs Cannot Allege A Cause Of Action For Negligence**

**1. The Defendants Did Not Owe A Duty To The Plaintiffs**

Plaintiff's fourth cause of action for negligence alleges that the defendants owed to the plaintiff a duty of care (Complaint ¶72). The complaint provides no facts to support that allegation. California courts have generally held that a duty of care does not exist between a lender and a borrower "when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as mere lender of money." *Aspiras v. Wells Fargo Bank, N.A.* (2013) 219 Cal.App.4th 948 [162 Cal.Rptr.3d 230] *citing Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1095; and *Wagner v. Benson* (1980) 101 Cal.App.3d 27, 34–35, 161 Cal.Rptr. 516 [lender's liability to a borrower for negligence arises only when the lender " 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender'"].

The *Aspiras* court distinguished the one case that has found otherwise, namely, *Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 153 Cal.Rptr.3d 546 by noting that *Jolley* was based on dramatically different facts. Like ***this*** case, the *Aspiras* complaint alleged a breach of a residential loan modification agreement. *Jolley*, on the other hand, "involved a construction loan, a critical distinction that renders *Jolley* inapposite" to discussions regarding a residential modification. *Aspiras*, supra, 219 Cal.App.4th at 964. The *Aspiras* court noted that the *Jolley* court "applied the six-factor test of *Biakanja v. Irving* (1958) 49 Cal.2d 647, 650, 320 P.2d 16, in which imposition of a duty of care by a lender to a borrower depends on a balancing of several factors, including the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm, plaintiff's injury, the connection between the injury and defendant's conduct, moral blame attaching to defendant's conduct, and the policy of preventing future harm. (Citation). These factors, according to *Jolley,* favored a finding of a duty of care owed by Chase under the specific facts of the case, where the relationship between the lender and borrower on a construction loan is "ongoing" with contractual disbursements made throughout the construction period". *Aspiras supra,* 219 Cal.App.4th 948 [162 Cal.Rptr.3d 230 citing *Jolley,* at pp. 900–901 & fn. 16, 153 Cal.Rptr.3d 546.)

///

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

Here, there is nothing in the complaint that describes anything other than a traditional lender/borrower relationship. In fact, the plaintiffs make little effort to describe the "duty" that was purportedly owed to them (*see* Complaint ¶72). This case more clearly resembles *Diunugala v. JP Morgan Chase Bank, N.A.* (S.D. Cal., Oct. 3, 2013, 12CV2106-WQH-NLS) 2013 WL 5568737. Like the *Aspiras* court, *Diungugala* distinguished *Jolley* and held that loan modification discussions do not create a duty. ("The Court finds *Jolley* to be inapposite to this case, which involves a residential home loan and related loan servicing issues"). "Loan modifications are part of the lending process, and negotiating a lending agreement's terms is one of a bank's key functions". *Sanguinetti v. CitiMortgage, Inc.* (N.D. Cal., Sept. 11, 2013, 12-5424 SC) 2013 WL 4838765.

Like the complaints in *Aspiras* and *Diungugala* the plaintiffs fail to demonstrate that a duty existed between defendants and the plaintiff. Plaintiff's negligence claim ought to be dismissed.

**2. The Economic Loss Rule Bars The Plaintiff's Negligence Claim**

Not only is there no duty, the plaintiffs' negligence claim is barred by the economic loss rule. The economic loss rule, in summary, "is that no tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement". *Oracle USA, Inc. v. XL Global Services, Inc.*, C 09–00537 MHP, 2009 WL 2084154, at *4 (N.D.Cal. July 13, 2009). This rule serves to prevent every breach of a contract from giving rise to tort liability and the threat of punitive damages: "Quite simply, the economic loss rule prevents the law of contract and the law of tort from dissolving one into the other". *Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 988 [22 Cal.Rptr.3d 352, 358, 102 P.3d 268, 273].

Here, the plaintiffs allege that a contract was reached between the parties and in fact attach the contract as Exhibit A to the complaint. Each and every action that the plaintiffs allege to be a breach of a "duty" by the servicer, are simply breaches of the contractual arrangement between the parties (See complaint ¶73).

Generally, outside the insurance context, "a tortious breach of contract ... may be found when (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion or; (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe,

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages. . . Focusing on intentional conduct gives substance to the proposition that a breach of contract is tortious only when some independent duty arising from tort law is violated. . . If every negligent breach of a contract gives rise to tort damages the limitation would be meaningless, as would the statutory distinction between tort and contract remedies". *Erlich v. Menezes* (1999) 21 Cal.4th 543, 553-54 [87 Cal.Rptr.2d 886, 893, 981 P.2d 978, 984].

The plaintiff alleges that they had a contract with the defendants and that the defendants breached that agreement. Under the economic loss rule, a cause of action for negligence simply does not lie.

**C. <u>The Complaint Fails To Allege Facts To Support A Cause A Cause Of Action Intrusion Upon Seclusion</u>**

The fifth cause of action for Invasion of Privacy (Intrusion upon Seclusion) simply lacks facts of actionable behavior. The courts have made it clear that calls from a loan servicer to a borrower, standing alone do not rise to a level of actionable conduct.

To state a claim for invasion of privacy, the plaintiffs must allege that defendant intentionally "intrud[ed] into a private place, conversation or matter ... in a manner that is highly offensive to a reasonable person." *Taus v. Loftus,* 40 Cal.4th 683, 725, 54 Cal.Rptr.3d 775, 151 P.3d 1185 (2007). Plaintiffs must also allege "defendant penetrated some zone of physical or sensory privacy surrounding the plaintiff or obtained unwanted access to data about the plaintiff." *Shulman v. Group W Prods., Inc.,* 18 Cal.4th 200, 232, 74 Cal.Rptr.2d 843, 955 P.2d 469 (1998).

"Allegations of a lender calling a debtor concerning a home equity loan extended to the debtor, especially given the current economic climate, *without more* is not enough to state a claim for invasion of privacy above a speculative level". *Castellanos v. JPMorgan Chase & Co.* (S.D. Cal., June 23, 2009, 09-CV-00969-H) 2009 WL 1833981.

The distinction between ordinary and actionable conduct was considered at length by the court in *Marseglia v. JP Morgan Chase Bank* (S.D. Cal. 2010) 750 F.Supp.2d 1171, 1176-78. The *Marseglia* court noted that those cases that found actionable conduct relied upon facts that "rise to

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

the requisite level of outrageous and unacceptable conduct contemplated by the tort of invasion of privacy based on intrusion". *Id.*

Specifically, the *Marsegila* court distinguished the following scenarios:

- fifty-one (51) calls, forty-three (43) of which occurred during a one week span; defendants' refusal to identify themselves and then calling the plaintiffs immediately after having spoken with them (*Fausto v. Credigy Services Corp.,* 598 F.Supp.2d 1049, 1056 (N.D.Cal.2009);
- 259 telephone contacts over a three month period; (*Thompson v. Chase Bank,* Civil Case No. 09cv2143 DMS(POR), 2010 WL 1329061).
- phone calls to the plaintiff's work, *Panahiasl v. Gurney,* 2007 WL 738642 (N.D.Cal. Mar. 8, 2007; *Kuhn v. Account Control Technology,* 865 F.Supp. 1443, 1448 (D.Nev.1994)
- Contact with a member of the borrower's family; (*Castellanos v. JPMorgan Chase & Co.,* Civil Case No. 09cv0969 H(JMA), Doc. # 8, 2009 WL 1833981 (S.D.Cal. June 23, 2009)

No such allegations are alleged here. In fact, the most that the plaintiffs allege as outrageous conduct are repeated "collections calls" (Complaint ¶24) and "collection letters" (Complaint ¶32), that arrived while the plaintiff was awaiting loan modification approval. Despite these allegations, however, "there are no facts alleged upon which this Court could infer plaintiffs . . . defendant ever made any direct contact with plaintiffs that might be construed as annoying or harassing conduct". *Marseglia v. JP Morgan Chase Bank* (S.D. Cal. 2010) 750 F.Supp.2d 1171, 1178.

In adopting the reasoning of the *Castellanos* court the *Marseglia* court held "(m)ost persuasive to this Court is *Castellanos* (citation) in which Judge Marilyn L. Huff found insufficient facts pled to support an invasion of privacy claim based on plaintiff's failure "to allege the content of any of the calls placed to [p]laintiff ... and what was highly offensive about such calls." *Id.*

Like *Marseglia* and *Castellanos*, the behavior alleged in the complaint simply does not rise to the level of actionable behavior.

///

## V. CONCLUSION

The facts set forth in the complaint are insufficient to support causes of action for promissory estoppel, negligence or intrusion upon seclusion. Movants respectfully request that this court dismiss the second, fourth and fifth causes of action.

DATED: January 27, 2014

ALVARADOSMITH
A Professional Corporation

By: */s/ David L. Chavez*
THEODORE E. BACON
DAVID L. CHAVEZ
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A. and U.S. BANK, N.A., SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., SUCCESSOR IN INTEREST TO LASALLE BANK, N.A. AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES, WMALT Series 2006-AR9

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

*Rowland v. JPMorgan Chase Bank, N.A., et al.*
Alameda Superior Court Case No. RG 13 705690
USDC - Northern District of California Case No.: 3:14-cv-00036

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 235 Pine Street, Suite 1200, San Francisco, California 94104**.

On January 27, 2014, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action.

☐ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 235 Pine Street, Suite 1200, San Francisco, CA 94104. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☒ **BY CM/ECF ELECTRONIC DELIVERY:** In accordance with the registered case participants and in accordance with the procedures set forth at the United States District Court, Northern District of California website: www.ecf.cand.uscourts.gov.

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 235 Pine Street, San Francisco, CA 94104. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on January 27, 2014, at San Francisco, California.

Mara J. Schwark

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**SERVICE LIST**

*Rowland v. JPMorgan Chase Bank, N.A., et al.*
Alameda Superior Court Case No. RG 13 705690
USDC - Northern District of California Case No.: 3:14-cv-00036

| | |
|---|---|
| Maeve Elise Brown<br>Elizabeth S. Letcher<br>Cynthia Singerman<br>HOUSING AND ECONOMIC RIGHTS ADVOCATES<br>1814 Franklin Street, Suite 1040<br>Oakland, CA 94612 | Attorneys for Plaintiffs<br>Tel: (510) 271-8443<br>E-Mail: eletcher@heraca.org |
| William E. Kennedy<br>CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY<br>2797 Park Avenue, Suite 201<br>Santa Clara, CA 95050 | Attorneys for Plaintiffs<br>Tel: (408) 241-1000<br>E-Mail: wkennedy@kennedyconsumerlaw.com |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO